## In re GOULD'S ESTATE.

(Surrogate's Court, New York County. June, 1895.)

1. TRANSFER TAX—DEDUCTIONS—EXPENSES OF ADMINISTRATION.
   In appraising an estate for the purposes of the transfer tax, in addition to the expenses of administration already incurred, such as will necessarily be incurred thereafter should be estimated and deducted.

2. SAME—EXECUTORS AND TRUSTEES—PROVISION IN LIEU OF COMMISSIONS.
   Where the will provides remuneration for the executors and trustees, not in excess of the statutory commissions to which they would have been entitled, in lieu of such commissions, the value thereof may be calculated, for the purpose of such deduction, on the assumption that they will all qualify, and be entitled to the benefits of such provision.

3. SAME—INFANTS—SPECIAL GUARDIANS.
   Where there are infants interested in such proceeding, the interests of the life tenants and of those in remainder must be represented by different special guardians.

Proceeding for the appraisement of the estate of Jay Gould, deceased, for taxation, under Laws 1892, c. 399.

FITZGERALD, S. It has been the uniform practice in this county, both before and since the decision of Surrogate Coffin in Re Millward's Estate, 6 Misc. Rep. 426, 27 N. Y. Supp. 286, and Re Ludlow's Estate (Surr.) 25 N. Y. Supp. 989, to permit the appraiser to make deductions for the estimated probable amount of commissions and the expenses of administration; and no practical difficulty has been encountered in so doing, nor has any objection been made thereto up to the present time. The executors and trustees limit their claim to a deduction to a period when, having performed their strictly

executorial duties, they proceed to set up the six different trusts in the residuary estate. It is now more than two years since the decedent died. The appraiser has estimated with sufficient accuracy to satisfy the representative of the state the value of the property which the testator transferred by his will. It is probable that at the present time the executors may be ready to erect these trusts, or that they may have already done so. In either case the amount of statutory commissions is a matter of simple computation, from which it is clear that the remuneration provided in the will in lieu thereof is very much less. As I understand, it is not claimed by the state that any other rule is correct than that the measure of the tax imposed is what remains for distribution after payment of debts, administration expenses, and any other charges or claims which reduce the actual, practical value of the transfer to the beneficiary. In Re Millward's Estate (Surr.) 27 N. Y. Supp. 286, Surrogate Coffin held that the deductions to be made in determining the value of the estate or property to be taxed must be ascertained with certainty and exactness, and not arrived at by estimating their approximate or probable amount. The practice thus laid down differs from that adopted in this county, which, as has been stated, admits of an estimate of their probable amount in making the deductions. The course here followed, besides having its practical advantages, seems to me more in consonance with the entire scheme of the statute, which requires not mathematical precision, but approximate estimates. For 10 years it has been possible in this county, in which is collected more than one-half the tax in the state, for the representatives of the state of New York and of the estate of the deceased to reach a practical adjustment of valuations of the estates subject to the tax, and of the estimates that enter into the ascertainment of such valuations. In a large number of cases at the time the appraiser acts he is able to determine to a dollar the value of the interests transferred. It will be matter of regret if a businesslike solution is not reached, whatever may be the defects of the law or inconsistencies of the statute. In the matter of commissions, if the trusts have been set up, and the purely executorial functions are at an end, the actual sums to which the executors are entitled under the will can be ascertained. The value of the estate, as remarked before, has been ascertained with sufficient accuracy to enable the appraiser to determine satisfactorily to the state the value of the respective life estates and the remainders limited thereon. It is not unreasonable or improbable to assume that the provisions of the will as to the appointment and substitution of executors and trustees will be carried out; that, while there are so many as four of his children alive, that many will avail themselves of the privilege of acting as executors, and calculate the amount of commissions which will be probably deducted from the taxable estate. Thus, George J., at the date of his father's death, had a probability of life lasting, say 30 years. If we assume, for satisfactory mathematical precision, that he will enjoy the income of $9,000,000 during that time, is it not fair to assume that during the same period he will have earned the compensation provided in the will in lieu of commissions?

It is, of course, obvious that the acts taxing successions did not contemplate the taxation of commissions. The law, from its inception in 1885, has provided for the taxation at first only of the provision in lieu thereof where it exceeded the actual value of the services rendered, and afterwards of any excess of the statutory commissions given by the will. This is all that was decided in the cases referred to in the supplemental brief of the counsel for the state, and those cases are not at all pertinent to the question at issue here. Application granted. The referee will report the expenses of administration already incurred, and which will necessarily be incurred up to the erection of the trusts, and take such evidence upon the subject as may be pertinent and proper. The value of the provision in lieu of commissions may be calculated upon the assumption that the executors and trustees will all qualify, and be entitled to the benefits of that provision. If it shall appear hereafter that the allowance for commissions is excessive by reason of the failure of any of the persons designated as executors and trustees to qualify in either capacity, then it will be appropriate for the state to apply to have the tax fixed upon the excess of reduction. There are infants in this proceeding who are unrepresented by special guardian. The interests of the life tenants and those in remainder must be represented by different guardians.

Submit orders accordingly.